]UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**LEILA M. MCCOY,**

 Plaintiff,

 v.                    Case No. 20-CV-1394-SCD

**APPLETON HOUSING AUTHORITY,**
**KIM ESSELMAN,**
**KARI GODSILL,** and
**DEBRA DILLENBERG,**

 Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND/CORRECT

 On September 8, 2020, Leila M. McCoy filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that the Appleton Housing Authority ("the agency") and its employees discriminated against her on the basis of her sex, disability, and race; denied her a reasonable accommodation for her disability; and retaliated against her for filing a disability-discrimination complaint against the agency. *See* ECF No. 1. The matter was randomly assigned to me. I promptly screened the complaint under 28 U.S.C. § 1915, granted McCoy's request to proceed without paying the filing fee, and directed the U.S. Marshals to serve the defendants in accordance with § 1915(d). *See* ECF No. 5.

 On November 16, 2020, McCoy filed a motion to amend/correct her complaint to add additional claims for relief under the Health Insurance Portability and Accountability Act (HIPAA) and the Violence Against Women Act (VAWA) and to increase the amount of relief requested due to "ongoing harassment, intimidation, and endangerment/negligence by the Defendants." ECF No. 7. Specifically, McCoy alleges that the defendants have attempted to

illegally access her confidential files, disparaged her to business clients, attempted to "hack" her LinkedIn account, shared her confidential information with third parties without her permission, unreasonably denied her request for an accommodation to extend the time for submitting additional information in support of her housing application, and refused to provide VAWA forms in accessible format (McCoy is blind). *See id.* at 1–2. McCoy seeks to increase her request for relief to $2,000,000. *See id.* at 3.

According to Fed. R. Civ. P. 15(a)(1),

> a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Although it is unclear if the defendants have been served with McCoy's complaint, no defendant has appeared in this action or filed a responsive pleading. McCoy therefore does not need the court's permission to file a first amended complaint. Accordingly, her motion to amend/correct, ECF No. 7, is **DENIED as moot**.[1] The amended complaint she filed is now the operative complaint in this action, pursuant to Rule 15(a)(1).

**SO ORDERED** this 11th day of December, 2020.

_____
STEPHEN C. DRIES
United States Magistrate Judge

---

[1] I note, however, that there is no private cause of action under HIPAA. *See Lundell v. Laport Reg'l, Physician Network, Inc.*, No. 3:10-CV-013-JD, 2013 U.S. Dist. LEXIS 22811, at * (N.D. Ind. Feb. 20, 2013) ("It appears that every court that has considered the issue of whether HIPAA creates a private cause of action has concluded it does not.") (collecting cases).